# 22-349

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

———

DOUGLAS J. HORN,

*Plaintiff-Appellant,*

and

CINDY HARP-HORN,

*Plaintiff,*

vs.

MEDICAL MARIJUANA, INC., DIXIE HOLDINGS, LLC,
AKA DIXIE ELIXIRS and RED DICE HOLDINGS, LLC,

*Defendants-Appellees,*

and

DIXIE BOTANICALS,

*Defendant.*

———

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK (BUFFALO)

———

## BRIEF FOR DEFENDANTS-APPELLEES
## MEDICAL MARIJUANA, INC.
## and RED DICE HOLDINGS, LLC

———

MURA LAW GROUP, PLLC
Roy A. Mura, Esq.
SCOTT D. MANCUSO, ESQ.
*Attorneys for Defendants-Appellees*
  *Medical Marijuana, Inc. and*
  *Red Dice Holdings, LLC*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Telephone: (716) 855-2800
Email: scott.mancuso@muralaw.com

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................... ii

I. COUNTER-ISSUE PRESENTED FOR REVIEW ................................................. 1

II. COUNTER-STATEMENT OF THE CASE ..................................................... 2

III. SUMMARY OF ARGUMENT ............................................................. 5

IV. ARGUMENT ....................................................................... 7

    A. THE DISTRICT COURT CORRECTLY FOUND THAT PLAINTIFF'S
       ALLEGED DAMAGES DERIVED FROM A PERSONAL INJURY ............. 7

       1. PLAINTIFF'S BRIEF ............................................................. 13

       2. PLAINTIFF'S CASES ........................................................... 16

       3. PLAINTIFF'S RESPONSE TO DISTRICT COURT'S CASES .............. 21

V. CONCLUSION ..................................................................... 25

i

# TABLE OF AUTHORITIES

Cases:                                                                 Page(s)

*Aston v. Johnson & Johnson,*
248 F. Supp. 3d 43 (D.D.C. 2017)……………………………………………….21

*Bankers Trust Co. v. Rhoades,*
741 F.2d 511 (2d Cir.1984)*, 473 U.S. 922 (1985)*………………………………...11, 13

*Bast v. Cohen, Dunn & Sinclair, PC*,
59 F.3d 492 (4th Cir. 1995)……………………………………………………...23

*Blevins v. Aksut,*
849 F.3d 1016 (11th Cir. 2017)……………………………………………….18

*Burnett v. Al Baraka Inv. & Dev. Corp.,*
274 F.Supp.2d 86 (D.D.C. 2003)……………………………………………...23

*Canyon Cnty. v. Syngenta Seeds, Inc.*,
519 F.3d 969 (9th Cir. 2008)……………………………………………….19

*Creel v. Dr. Says, LLC*,
No. 4:18-CV-00615, 2022 WL 991568 (E.D. Tex. Mar. 31, 2022)……………………..16

*Doe v. Roe*,
958 F.3d 763 (7th Cir. 1992)………………………………………………….7, 10

*Escondido Mutual Water Co. v. La Jolla Band of Mission Indians,*
466 U.S. 765 (1984)………………………………………………………..10

*Gause v. Philip Morris, Inc.,*
29 F. App'x 761 (2d Cir. 2002)……………………………………………….10

*Gilfus v. Vargason*,
No. 5:04-CV-1379 (HGM/DEP), 2006 WL 2827658 (N.D.N.Y. Sep. 30, 2006)……9, 10

*Grogan v. Platt*,
835 F.2d 844 (11th Cir. 1988)……………………………………………….8, 10-11

*In re Arizona Theranos, Inc., Litig.*,
308 F. Supp. 3d 1026 (D. Ariz. 2018)……………………………………………………19

*Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*,
 731 F.3d 556 (6th Cir. 2013)………………………………………………………..8, 23

*Klayman v. Obama*,
125 F.Supp.3d 67 (D.D.C. 2015)……………………………………………………...23

*Laborers Local 17 Health and Benefit Fund v. Philip Morris, Inc.*,
191 F.3d 229 (2d Cir.1999), 528 U.S. 1080 (2000)…………………………………9

*Pilkington v. United Airlines*,
112 F.3d 1532 (11th Cir. 1997)……………………………………………………….23

STATUTES:

*Racketeer Influenced and Corrupt Organizations Act ("RICO")*,
18 U.S.C. § 1964(c)……………………………………………………………...13

## <u>COUNTER-ISSUE PRESENTED FOR REVIEW</u>

1.     Is Douglas Horn's claim for damages, resulting from his having allegedly ingested THC, caused by a personal injury such that he is legally incapable of sustaining a civil RICO cause of action?

<u>Answer of the District Court:</u>   Yes. Where Douglas Horn's claim for damages results entirely from his having allegedly ingested THC, all such damages were caused by a personal injury, and he is legally incapable of sustaining a civil RICO cause of action.

## **COUNTER-STATEMENT OF THE CASE**

Plaintiff-appellant, Douglas J. Horn, ("Plaintiff") brought a complaint in the Western District of New York against Defendant-appellees, Medical Marijuana Inc. and Red Dice Holdings, LLC ("MMI/RDH") and Co-Defendants-co-appellees, Dixie Elixirs and Edibles (now, Dixie Holdings, LLC) and Dixie Botanicals ("Dixie") (A-30).

Plaintiff alleged that on October 1, 2012, he purchased a product called the Dixie X CBD Dew Drops 500 mg Tincture ("the Product") (A-32, ¶14).

Plaintiff alleged that on October 9, 2012, he submitted to a random urinalysis screening (A-32, ¶16).

Plaintiff alleged that on October 11, 2012, his employer informed him that he had tested positive for THC (A-32, ¶17). Plaintiff alleged that at some point after that date, he was required to submit to a toxicology screening, which was also positive for THC. *Id*. Plaintiff alleged that he was then terminated from his employment. *Id*.

Plaintiff alleged that he purchased and consumed the Product based on his belief that it contained "0% THC" (A-32, ¶19).

Plaintiff alleged that as "*a direct and proximate result of consuming this product*, plaintiff was summarily dismissed from his employment" (emphasis added) (A-33, ¶20).

- 2 -

Plaintiff brought numerous causes of action against MMI/RDH and Dixie, including "Count II – RICO VIOLATION," on the grounds that Plaintiff had allegedly sustained damages based on his consumption of the Product (A-37).

Plaintiff's Civil RICO Statement describes the "alleged injury to business or property" as "*the injury from the use of the product* began on approximately October 9, 2012 and continues unabated to this date" (emphasis added) (A-55, ¶15). The Statement describes the "relationship between the alleged injury and violation of the RICO statute" as "*[i]f Douglas Horn did not consume the Dixie X product*, he would not have had a positive toxicology test and lost his and his wife's employment into the future" (emphasis added) (A-55, ¶16).

This litigation proceeded for several years through various motions and dismissals of causes of action that are not necessarily relevant to the discreet issue that is currently before the Court.

On July 22, 2021, Dixie brought a Motion in Limine to Preclude (A-135). This motion sought, among other grounds for relief, that Plaintiff's damages expert be precluded from testifying because a RICO cause of action does not allow for loss of earnings damages (A-136).

On July 29, 2021, Plaintiff opposed Dixie's motion arguing that his damages were compensable in connection with a RICO cause of action (A-147).

- 3 -

On August 2, 2021, MMI/RDH submitted papers in support of Dixie's motion arguing that, not only should Plaintiff's damages expert be precluded from testifying as to lost earnings, but that Plaintiff could not legally recover any damages under his RICO cause of action as they derived from a personal injury (A-172).

On August 2, 2021, Dixie submitted further papers in support of the position that Plaintiff could not legally recover damages under his RICO cause of action where they derived from a personal injury (A-189).

On September 14, 2021, after briefing on supplemental jurisdictional issues that are not relevant to the issue before this Court, United States Magistrate Judge, Jonathan W. Feldman, granted Dixie and MMI/RDH's motion in part ("the Underlying Decision and Order") (A-221). Judge Feldman held that Plaintiff's "civil RICO claim is dismissed pursuant to the Court's authority under Rule 56(f), but defendant's motion is otherwise denied" (A-250).

On November 19, 2021, Plaintiff moved to certify the Underlying Decision as an appealable final judgment (A-252). On January 24, 2022, Judge Feldman granted Plaintiff's motion and directed the Clerk of the Court to "enter partial final judgment on Douglas J. Horn's civil RICO claim predicated on mail and wire fraud, which the court dismissed in" the Underlying Order (A-283).

Plaintiff now appeals from the Underlying Order (A-285).

Plaintiff's appellate brief contains a section titled "Facts Relevant to Review" (Doc 55, p. 9 of 21). This section claims that the "relevant facts can be stated briefly below and are taken from the undisturbed Complaint (A-31-33)." *Id*. However, in reality, these alleged "facts" – set forth from Doc 55, p. 9 of 21 through Doc. 55 p. 11 of 21 – do not directly cite to Plaintiff's complaint and include numerous details that are not part of the record before this Court.

To the extent that Plaintiff has sought to introduce facts that are not properly before this Court, the same should be disregarded.

## SUMMARY OF ARGUMENT

The law is clear that a plaintiff cannot recover damages under a civil RICO cause of action where such damages derive from a personal injury.

As found by Judge Feldman in the Underlying Order, "RICO establishes a private right of action to '[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter.' 18 U.S.C. § 1964(c)" (A-225). However, the Supreme Court has held that "the 'business or property' clause encompasses harm to 'commercial interests or enterprises… but not 'personal injuries suffered'" (A-225) and "courts have held that lost earnings or wages are not recoverable if they flow from a personal injury" (A-228).

Using this standard, Judge Feldman held that Plaintiff's alleged damages are "not recoverable in a civil RICO action because they are predicated on the bodily invasion plaintiff allegedly sustained when THC was introduced into his system through the ingestion of Dixie X" (A-224).

Key to this finding was that "plaintiff does not allege that defendants engaged in a fraudulent scheme that directly caused his loss of employment. To the contrary, plaintiff acknowledges that '[t]he nexus between the RICO violations… and [plaintiff's] resulting economic damages… is the harm of the THC that was introduced into [his] system by Defendants' product'" (emphasis original) (A-228).

"In other words," stated Judge Feldman, "what connects defendants' fraudulent scheme to plaintiff's loss of employment and earnings is a personal injury: the bodily invasion that plaintiff suffered when he unwittingly ingested THC" (A-229). This means that "he may not recover lost earnings arising from that sort of personal injury in connection with a civil RICO claim." *Id*.

Judge Feldman concluded that because "plaintiff's loss of earnings flows from, and is derivative of, a personal injury he suffered, his lost earnings do not constitute an injury to 'to business or property' that is recoverable in a civil RICO action. And because plaintiff does not seek to recover any other damages, his RICO claim fails as a matter of law and must be dismissed" (A-233-234).

- 6 -

The only issue before the Court on this appeal is whether Judge Feldman correctly found that Plaintiff's civil RICO cause of action must be dismissed where Plaintiff's alleged damages derived from a personal injury.

MMI/RDH is of the position that Judge Feldman correctly found that the alleged unwitting ingestion of THC is a personal injury. It is not an injury to a "business" or "property." Mr. Horn is not a business. Mr. Horn is not a property. Mr. Horn is a person. Mr. Horn's alleged unwitting ingestion of THC is, quite literally, an alleged injury to a person.

As such, any damages that allegedly resulted from Mr. Horn's alleged unwitting consumption of THC, such as his claim for lost earnings, are necessarily damages derived from a personal injury and are not recoverable under a civil RICO cause of action.

## **ARGUMENT**

### A. The District Court Correctly Found that Plaintiff's Alleged Damages Derived from a Personal Injury

As stated In Judge Feldman's Decision and Order, because there is almost always pecuniary loss in a personal injury case, "in deciding whether an injury is 'to business or property' — and thus recoverable under civil RICO — or is personal — and thus not recoverable — courts do not look solely at whether there is a 'financial loss'" (quoting *Doe v. Roe*, 958 F.3d 763, 770 (7th Cir. 1992) (A-227).

- 7 -

"Instead, [courts] ask whether the plaintiff seeks to recover for a loss that flows from, or is derivative of, a personal injury. If it does, then it is not recoverable under civil RICO. See *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 565-66 (6th Cir. 2013) ("[B]oth personal injuries and pecuniary losses flowing from those personal injuries fail to confer relief under § 1964(c)."); *Grogan v. Platt*, 835 F.2d 844, 846 (11th Cir. 1988) (holding that plaintiffs "cannot recover under RICO for those pecuniary losses that are most properly understood as part of a personal injury claim").

This means that the proper analysis for whether a plaintiff has claimed an injury to "business or property" is a whether the plaintiff's claim, even if economic in nature, derives from a personal injury.

For example, in *Gause v. Philip Morris, Inc.*, No. CV99-6226, 2000 WL 34016343 (E.D.N.Y. Aug. 8, 2000), *aff'd sub nom. Gause v. Philip Morris, Inc.*, 29 F. App'x 761 (2d Cir. 2002), the court held:

> Although Plaintiff characterizes her injuries as a "loss of property," Cplt. at p. 2, in an effort to create a cognizable injury under RICO, an analysis of her complaints reveals otherwise. Specifically, Plaintiff's asserted "loss of property" is, in essence, a loss of income due to an alleged inability to work since becoming afflicted with emphysema. Cplt. at pp. 1-2. A loss of income, however, is not considered a "loss of property" as required under RICO.

In the present matter, Plaintiff's alleged injuries are different in cause and severity but are of the same type. One merely needs to trade the word "emphysema" for "unwanted THC in his system" to reach the exact same position:

> "Plaintiff's asserted 'loss of property' is, in essence, a loss of income due to an alleged inability to work since becoming afflicted with [unwanted THC in his system]."

Unwanted THC in one's system is, fundamentally, a type of "personal injury." The injury may not typically be as damaging as emphysema, but this does not change the fact that it is an "injury" to a "person" and any claimed loss of income would be due to the inability to work because of those injuries.

The *Gause* court specifically held that such a loss of income claim is not cognizable under RICO. This Court affirmed the same, explicitly holding:

> Personal injuries of smokers are not injuries to "business or property" within the meaning of the Racketeer Influenced and Corrupt Organizations Act 18 U.S.C. §§ 1961 et seq. See, e.g., *Laborers Local 17 Health and Benefit Fund v. Philip Morris, Inc.*, 191 F.3d 229, 241 (2d Cir.1999), *cert. denied*, 528 U.S. 1080 (2000).

> *Gause v. Philip Morris Inc.*, 29 F. App'x 761 (2d Cir. 2002).

Again, one may just as well replace "smokers" with "CBD oil users" to reach the exact same holding:

> "Personal injuries of [CBD oil users] are not injuries to 'business or property' within the meaning [RICO]."

Similarly, in *Gilfus v. Vargason*, No. 5:04-CV-1379 (HGM/DEP), 2006 WL 2827658 (N.D.N.Y. Sep. 30, 2006), the court held:

- 9 -

Although the Second Circuit has not squarely addressed the issue, other Circuits have held that economic damages resulting from personal injuries are not actionable under RICO. As the Seventh Circuit explained:

> Most personal injuries – loss of earnings, loss of consortium, loss of guidance, mental anguish, and pain and suffering, to name a few – will entail some pecuniary consequences. Perhaps the economic aspects of such injuries could, as a theoretical matter, be viewed as injuries to "business or property," but engaging in such metaphysical speculation is a task best left to philosophers, not the federal judiciary. Rather, we must determine if these injuries fall within the framework of § 1964(c) as understood by Congress ... They do not.

*Doe v. Roe,* 958 F.2d 763, 770 (7th Cir.1992)

*Gilfus v. Vargason*, No. 5:04CV1379(HGM/DEP), 2006 WL 2827658 (N.D.N.Y. Sept. 30, 2006).

In *Grogan v. Platt*, 835 F.2d 844 (11th Cir. 1988), *cert den'd* 488 U.S. 981 (1988), the court reached a similar to conclusion as *Doe v. Roe*, *supra*, stating:

> Our task, however, is not to decide whether the economic aspects of damages resulting directly from personal injuries could, as a theoretical matter, be considered injury to "business or property," but rather to determine whether Congress intended the damages that plaintiffs seek in this case to be recoverable under civil RICO. Relying on the assumption that Congress intends the ordinary meanings of the words it employs, *see, e.g., Escondido Mutual Water Co. v. La Jolla Band of Mission Indians,* 466 U.S. 765, 772 (1984), appellants argue that a common-sense interpretation of the words "business or property" includes the economic damages that result from injury to the person. We are not convinced that appellants' contention accurately captures the ordinary meaning of those words. In our view, the ordinary meaning of the phrase "injured in his business or property" excludes personal injuries, including the pecuniary losses therefrom. As a panel of the Second Circuit remarked, "[t]he requirement that the injury be to the plaintiff's business or property means that the plaintiff must show a

- 10 -

proprietary type of damage. For example, a person physically injured in a fire whose origin was arson is not given a right to recover for his personal injuries; damage to his business or his building is the type of injury for which § 1964(c) permits suit." *Bankers Trust Co. v. Rhoades,* 741 F.2d 511, 515 (2d Cir.1984) (dictum), *vacated on other grounds,* 473 U.S. 922 (1985)…

*Grogan v. Platt*, 835 F.2d 844, 846–47 (11th Cir. 1988).

As stated in both *Grogan*, *supra*, and *Doe v. Roe*, *supra*, one could theoretically engage in the metaphysical debate of whether "loss of income" damages can be severed from a personal injury, placed in a bubble, and considered as damage to "business or property." But as both the Seventh and Eleventh Circuits found (and this Court essentially agreed in *Gause*, *supra*), analysis should focus on the type of claims anticipated by Congress to be brought pursuant to the RICO statute. All of the courts cited above have agreed that economic damages such as loss of income, when derived from "personal injury," are not damages to "business or property," and are not recoverable under RICO.

In the present matter, as held by Judge Feldman, Plaintiff "is not attempting to recover economic damages that are 'separate and distinct' from the bodily invasion he suffered from unwittingly consuming THC" (A-233). "As plaintiff himself admitted, his 'economic damages' resulted from 'the harm of the THC that was introduced into [his] system by Defendants' product'" *Id*.

Indeed, as stated in Plaintiff's own underlying papers:

- 11 -

The nexus between the RICO violations and fraud at issue and Mr. Horn's resulting economic damages, therefore, **is the harm of the THC that was introduced into Mr. Horn's system by Defendants' product.**

(emphasis added) A-153.

By Plaintiff's own allegations, he was personally injured by unwanted THC in his system. Any resulting economic damages, such as a personal inability to continue working the same job because of a failed drug test, directly derives from that personal harm. As such, the Underlying Order correctly found that Plaintiff has not alleged damage to "business or property," as is required to maintain his RICO cause of action.

The question of whether Plaintiff's alleged lost earnings damages flowed from, or were "derivative" of, the personal injury of his ingesting THC, or whether those damages were "incidental" to his personal injury, is the primary focus of Plaintiff's appeal. Throughout his brief, Plaintiff attempts to walk on both sides of this fence simultaneously, repeatedly claiming that his lost earnings damages are only "incidental" to his personal injury of ingesting THC, while in the same breath, repeatedly asserting that ingesting the Product, and unwittingly putting THC into his body, was the direct cause of losing his employment.

1. **Plaintiff's Brief**

Plaintiff does not dispute the basic legal principle that "only a 'person injured in his business or property'" may maintain a civil RICO cause of action under 18 USC § 1964(c). Doc. 55, p. 12 of 21. Plaintiff expressly states in his brief that "a personal injury is not an injury to one's 'business or property' for RICO purposes and is thus not a RICO injury." *Id*.

However, Plaintiff disputes the finding by Judge Feldman in the Underlying Order that Plaintiff's damages, derived from his alleged unwitting ingestion of THC, resulted from a "personal injury." Instead, Plaintiff argues that his "injuries are like the furniture burned up in [a] fire" and "not like any personal injuries." Doc. 55, p. 13 of 21.

Plaintiff is referencing *Bankers Tr. Co. v. Rhoades*, 741 F.2d 511, 515 (2d Cir. 1984), *cert. granted, judgment vacated*, 473 U.S. 922 (1985), in which this Court stated, "[f]or example, a person physically injured in a fire whose origin was arson is not given a right to recover for his personal injuries; damage to his business or his building is the type of injury for which § 1964(c) permits suit."

In this example, the injury, arson, is an injury to property, as required for civil RICO. The court then distinguishes between the types of damage that may result from that injury to property. Damages to a person are not recoverable. Damages to a business or property are recoverable.

- 13 -

Plaintiff is not even in the same realm as the above example because the injury alleged in the present case, mistaken ingestion of THC, is not an injury to business or property in the first instance; it is an injury to a person. As such, it makes no difference whether any alleged resulting damages could, arguably, be tied to that person's business or property.

Given the foregoing, Plaintiff's torturous metaphor, in which he claims that accidently consuming THC is akin to buying a couch misrepresented to be inflammable, is wholly inapt. Plaintiff is not a piece of furniture. He is a person. When a couch catches fire, the injury is to property. When Plaintiff unwittingly ingests THC, the injury (if any) is to a person.

Plaintiff argues that he should not be included in the line of cases in which there was a personal injury to a plaintiff and, as a result of that personal injury, the plaintiff suffered some economic injury. Doc. 55, p. 13 of 21. However, this is exactly the case that Plaintiff presents.

Plaintiff's brief contains a subheading stating that his "injuries were incidental and not derivative of any personal contact he had with" the Product. *Id*. However, the very first sentence under this subheading states that he "does not dispute that his injury arose from his consuming a product that contained THC and that he lost his job when THC was detected in excessive amounts in his system when he was drug-tested by his employer. *Id*. at pg. 13-14 of 21.

- 14 -

It is difficult to square these two statements. Far from his injuries being merely "incidental" to "personal contact" with the Product, Plaintiff immediately admits, with no dispute, that "his injury arose from his consuming" the Product. He then draws a line from his consumption of the Product to THC being detected in his system, the loss of his job, and his eventual alleged economic damages.

This is, seemingly, the opposite of what Plaintiff's sub-heading professes. If anything, instead, Plaintiff fully admits that his economic damages were derivative of his personal contact with the Product and could, by definition, not be incidental to that contact. Indeed, his claim for lost earnings could not exist but for his having ingested the Product. That Plaintiff has this analysis backward is a recurring problem throughout his brief.

Plaintiff goes on to state "that he consumed the product is incidental to his injury and his injury is not derivative of a physical injury." Doc. 55, p. 14 of 21. However, he then immediately states "[h]e ingested Defendants' product which altered his urine chemistry resulting in the loss of his decades-long job." *Id*.

Again, Plaintiff's recitation of the facts of this case display the opposite of the argument that Plaintiff is attempting to make. It is not possible for the consumption of the Product to be "incidental" to Plaintiff's injury where Plaintiff, in the next sentence, admits that it was *that very ingestion*, which allegedly "altered his urine chemistry resulting in the loss of his decades-long job." Far from being

"incidental," Plaintiff admits that this was the key act leading to his damages. Or, as Plaintiff, himself, stated mere paragraphs earlier, he "does not dispute that his injury arose from his consuming a product that contained THC." *Id*. at p. 13 of 21.

Plaintiff's claimed lost earnings damages are not just "derived" from his personal injury, they are necessarily determined and caused by it. They could not and would not exist but for it. As Plaintiff fails to recognize that his claimed damages are not merely "incidental" to his personal injury, he similarly fails to recognize that he is not similarly situated to any of the plaintiffs in the cases he cites.

### 2. **Plaintiff's Cases**

Plaintiff cites to the case of *Creel v. Dr. Says, LLC*, No. 4:18-CV-00615, 2022 WL 991568 (E.D. Tex. Mar. 31, 2022), to argue that a plaintiff may maintain a civil RICO cause of action where they can prove economic damages resulting from something such as "being improperly committed to a psychiatric facility." Though Plaintiff does not explicitly say so, he seemingly means to say that "being improperly committed to a psychiatric facility" is a personal injury similar to accidentally ingesting THC and, thus, the cases are analogous.

The cases are not analogous, for many reasons.

First, Plaintiff misstates the jury's finding in *Creel*. The jury did not find that the plaintiff could recover economic damages as a result of a "being improperly committed to a psychiatric facility."

- 16 -

A stated by the court in *Creel*:

> The underlying nature of both Plaintiff's RICO claims in this case is that Defendants intentionally engaged in activities involving the wires and interstate commerce to defraud the insurance companies paying for the treatment of the patients…. This activity caused injury to Plaintiffs' business and property.

*Id*. at 15.

The court went on to find that "Plaintiffs' RICO claims were not improperly recast medical negligence claims. They were RICO claims separate from the claim of medical negligence—and the evidence supports their distinction." *Id*.

Indeed, the court even specifically stated:

> Notably, the jury did not find any personal injury damages attributable to Defendants. Specifically, the jury did not find any Defendant liable for false imprisonment or gross negligence and did not find Tom liable for medical negligence.

*Id*. at 10.

In other words, there were no "personal injuries" found in *Creel*. Plaintiff's civil RICO damages in *Creel* arose from damage to business or property, not from injuries done to her, personally. Plaintiff's argument that the plaintiff in *Creel* "suffered a recoverable RICO injury even though the economic injuries she claimed arose directly out of her being improperly committed to a psychiatric facility" is false and a misstatement of the case.

Coincidentally, it should be noted that, if anything, there are portions of the *Creel* decision, which suggest that, even where a plaintiff's civil RICO cause

of action does arise out of damage to business or property, only damages to a business' lost profits are recoverable and not an individuals' lost earning capacity – a  point that directly militates against Plaintiff's entire claim. (See, "The expert also testified that, in his model, he specifically did not account for Diane's loss of earning capacity—he only considered the lost profits, which he considered 'a separate damage to business.'" *Id*. at 10.)

Plaintiff also cites to *Blevins v. Aksut*, 849 F.3d 1016 (11th Cir. 2017), in which the court allowed the plaintiffs to seek recovery under civil RICO "for the amounts they paid for the unnecessary heart procedures" as "[t]hese injuries do not flow from any personal injuries." *Id*. at 1021.

When Plaintiff states it is "hard to imagine something more invasive than heart surgery" (Doc. 55, p. 16 of 21), Plaintiff seemingly means for the word "invasive" to stand in for "personal." However, regardless of how "invasive" the underlying surgeries may have been in *Blevins*, it is evident that the court in that case only viewed the plaintiffs' damages as those deriving from injuries to "business or property" because the plaintiffs, expressly, <u>only</u> sought recovery of the amounts paid for the procedures. (See, "In the context of unnecessary medical treatment, payment for the treatment may constitute an injury to property…. [¶][T]he payments themselves are economic injuries because they were for medically unnecessary procedures." *Blevins v. Aksut*, 849 F.3d at 1021.)

This is consistent with courts having routinely found that "[i]n the ordinary context of a commercial transaction, a consumer who has been overcharged can claim an injury to her property, based on a wrongful deprivation of her money." *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 976 (9th Cir. 2008).

To the contrary, Plaintiff, in the present case, does not only seek civil RICO damages in the amount that he paid for a single bottle of the Product. Instead, Plaintiff seeks damages directly resulting from his personal consumption of the Product and the alleged damage to his person that resulted from that consumption.

In order for Plaintiff to analogize himself to the plaintiffs in *Blevins*, the court in that case would have needed to have allowed the plaintiffs to maintain civil RICO causes of action for personal damages consequential to the unnecessary procedures, such as lost income for a person who was no longer able to work a physically-demanding job because of his unnecessary heart surgery. The court in *Blevins* allowed no such thing.

Finally, Plaintiff cites to *In re Arizona Theranos, Inc., Litig.*, 308 F. Supp. 3d 1026 (D. Ariz. 2018). However, again, Plaintiff fails to properly analogize this case to his own. In *Arizona Theranos*, the court only allowed for potential civil RICO damages that did not flow from the plaintiffs' personal injuries:

> It is plausible that plaintiffs suffered other financial losses that did not flow from their personal injuries. Plaintiffs… allege that they took unnecessary medication as a result of their Theranos blood tests, which they may have had to pay for in whole or in part. Plaintiffs… allege that

- 19 -

after learning of the unreliability of the Theranos tests, they had their blood tested by other companies, tests they presumably had to pay for in whole or in part.

*Id*. at 1061-62.

The examples used by the court relate to damages resulting from a fraudulent commercial transaction, such as being induced to make additional purchases or needing to make unnecessary replacement purchases. In *Arizona Theranos,* the "personal" aspect of something like a blood test truly was "incidental." It made no difference whether the persons involved even had the blood tests conducted upon them, only that they paid for them.

Plaintiff in the present matter is not similarly situated. His damages sought under civil RICO are not limited to the price of the bottle of the Product, or his needing to buy a replacement bottle that did not allegedly contain THC. Those are costs that would arguably be "incidental" to his person as they do not require consumption of the Product, only its purchase, and could equally apply to anyone who has purchased the Product.

To the contrary, Plaintiff's alleged loss of earnings damages could not exist but for a personal injury to him. He personally ingested the Product, was personally given a urinalysis screening that detected THC, and was then terminated because of the requirements of his personal employment situation.

- 20 -

The cases cited by Plaintiff only facially involve "invasive" underlying injuries, such as medical malpractice, unnecessary heart procedures, or fraudulent blood tests. However, none of these cases allow for a civil RICO cause of action to be maintained seeking personal damages, such as lost earning capacity, resulting from those "invasive" or personal injuries. These cases all limit RICO damages, as is appropriate, to damages derived from injury to business or property.

Given the foregoing, these cases should do nothing to disturb Judge Feldman's finding that Plaintiff's damages were not recoverable under a civil RICO cause of action as they entirely derived from his personal injury.

### 3. Plaintiff's Response to District Court's Cases

Plaintiff states in his brief that the numerous cases cited by the District Court in the Underlying Order are distinguishable. Doc. 55, p. 17 of 21. However, Plaintiff merely summarizes the cases and makes no real effort to distinguish them from the facts of his case. *Id*. at p. 17 – 19. Plaintiff's recap of these cases only makes apparent how clearly his case fits with those in which courts have held that plaintiffs cannot recover lost income due to personal injuries under civil RICO.

In particular, Plaintiff's failure to distinguish *Aston v. Johnson & Johnson,* 248 F. Supp. 3d 43 (D.D.C. 2017), is notable as it is incredibly similar to the present case.

- 21 -

In *Aston*, the plaintiffs claimed that a drug produced by defendants caused numerous health problems, which caused their inability to work, leading to a claim for lost earnings. In the present case, plaintiff claims that the drug produced by defendants caused THC to enter his system, which caused his inability to work, leading to a claim for lost earnings.

Though the specifics are slightly different, the broad strokes are exactly the same: both cases involve plaintiffs that allegedly ingested a drug produced by the defendants, leading to side effects, including their inability to work and a resulting claim for lost earnings.

The defendants in *Aston*, as in the present case, argued that the plaintiffs' civil RICO claims were "not cognizable because they [were] premised on harms flowing from injuries to plaintiffs' personal health." *Id* at 49. The court noted that "[t]he overwhelming weight of authority discussing the RICO standing issue holds that the 'business or property' language of Section 1964(c) does not encompass personal injuries." *Id*.

The plaintiffs in *Aston* contended that their "claims were not fairly characterized as seeking to redress personal injuries because their amended complaint alleges that their injuries resulted in 'loss of earnings.'" *Id*. at 50. This is of course the same argument made by Plaintiff in the present case where he seeks to

cast his claim for lost earnings as economic damages that are "incidental" to his personal injury.

> The court held:

> [a]s plaintiffs' counsel is well aware, courts in this District and elsewhere have consistently rejected the argument that pecuniary losses derivative of personal injuries are injuries to "business or property" cognizable under RICO. See, e.g., *Klayman v. Obama*, 125 F.Supp.3d 67, 88 (D.D.C. 2015) (holding harm to Mr. Klayman's law practice did not confer RICO standing); *Burnett v. Al Baraka Inv. & Dev. Corp., 274 F.Supp.2d 86, 102 (D.D.C. 2003)* (agreeing that "even pecuniary losses that are derivative of personal injuries are not 'business or property' injuries under RICO"); *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556, 565-66 (6th Cir. 2013) (explaining "lost wages, rehabilitation services, and medical expenses" are "personal injuries [that] fail to confer relief under § 1964(c)"); *Pilkington v. United Airlines*, 112 F.3d 1532, 1536 (11th Cir. 1997) (finding "not cognizable under RICO" claim for "pecuniary losses resulting from personal injury"); *Bast v. Cohen, Dunn & Sinclair, PC*, 59 F.3d 492, 495 (4th Cir. 1995) ("[P]ersonal injury and pecuniary losses occurring therefrom are not sufficient to meet the statutory requirement of injury to 'business or property.' ").

> *Id*. at 50.

Plaintiff does nothing to differentiate the present case from *Aston*. He merely states that the plaintiffs in *Aston* "alleged that because of the physical effects of the drug, they suffered loss wages which were RICO injuries" and "[t]he court rejected the argument." Doc. 55, p. 18 of 21. Though Plaintiff does not say so explicitly he, perhaps, means to distinguish his case by implying that, unlike the plaintiffs in *Aston*, he has not alleged that because of the physical effects of a drug,

he has suffered lost wages. However, this is, of course, exactly what the Plaintiff has alleged in the present case.

Plaintiff has explicitly, and repeatedly, including in his brief on this appeal, alleged that the physical effects of the Product on his body (unwittingly ingesting THC) caused him to lose his job and suffer lost wages. (See, Plaintiff's brief, where he "does not dispute that his injury arose from his consuming a product that contained THC and that he lost his job when THC was detected in excessive amounts in his system when he was drug-tested by his employer." Doc. 55. at pg. 13-14 of 21)

Plaintiff goes on to write that the *Aston* "plaintiffs' inability to work derived from the physical injuries they suffered and were thus at best derivative of those personal injuries and thus were not RICO injuries." Doc. 55, p. 18 of 21. Again, Plaintiff seems to imply that his case is distinguishable but fails to articulate how this may be true. By all appearances, Plaintiff's inability to work (being terminated for having THC in his system) also derived from the physical injuries he suffered (unwitting ingestion of THC) and were thus at best derivative of those personal injuries and were also not RICO injuries.

Plaintiff has failed to distinguish the cases cited by Judge Feldman in the Underlying Order. The cases are legally sound and relevant and Judge Feldman

- 24 -

aptly applied them to Plaintiff's claim to find that Plaintiff's civil RICO cause of action must be dismissed, as a matter of law.

## **CONCLUSION**

For the foregoing reasons, MMI/RDH is of the position that Judge Feldman correctly found in the Underlying Order that Plaintiff's alleged unwitting ingestion of THC is a personal injury and that as Plaintiff's alleged loss of earnings flows from, and is derivative of, that personal injury, those lost earnings do not constitute an injury to business or property that is recoverable in a civil RICO action. As Plaintiff does not seek to recover any other damages, his RICO caused of action fails as a matter of law and was properly dismissed pursuant to the underlying Court's authority under Rule 56(f).

DATED:    Buffalo, New York
             September 26, 2022

Scott D. Mancuso, Esq.

Roy A. Mura, Esq.

MURA LAW GROUP, PLLC
*Attorneys for Defendant-Appellees*
*Medical Marijuana, Inc. and Red Dice*
*Holdings, LLC*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203
(716) 855-2800

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of LR 32.1 (a)(4) because this brief contains  5,833 words, excluding the parts of the brief exempted by Fed. App. P. 32(f).

This brief complies with the typeface requirements of Fed. App. P. 32(a)(5) and the type style requirements of Fed. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word software in 14 font with a Times New Roman style.