# 22-349

In the
# United States Court of Appeals
## For the Second Circuit



DOUGLAS J. HORN,

*Plaintiff-Appellant,*

- and -

CINDY HARP-HORN,

*Plaintiff,*

– v. –

MEDICAL MARIJUANA, INC., DIXIE HOLDINGS, LLC, AKA DIXIE ELIXIRS and RED DICE HOLDINGS, LLC,

*Defendants-Appellees,*

- and -

DIXIE BOTANICALS,

*Defendant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK (BUFFALO)

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

THE LINDEN LAW GROUP, P.C.
*Attorneys for Plaintiff-Appellant*
5 Penn Plaza, 23rd Floor
New York, New York 10001
(212) 835-1532

APPELLATE INNOVATIONS
(914) 948-2240

18584

**Contents**

Preliminary Statement....................1

Argument....................2

A. Defendants Cite to Cases that are Irrelevant to this Appeal....................2

B. Horn's Position is Similar to that of the Varied Plaintiffs in the Cases on which he Relied in his Opening Brief....................4

C. Horn Properly Distinguished the District Court's Cases....................6

Conclusion....................8

## Table of Authorities

### Cases

*Aston v. Johnson & Johnson*, 248 F. Supp. 3d 43 (D.D.C. 2017) .........................6, 7

*Creel v. Dr. Says, LLC*, 2022 U.S. Dist. LEXIS 60158 (E.D. Tex. March 31, 2022] ..........................................................................................................4, 5

*Doe v. Roe*, 958 F.2d 763 (7th Cir. 1992)..................................................................2

*Gause v. Philip Morris*, 2000 U.S. Dist. LEXIS 14268, 2000 WL 34016343 (E.D.N.Y. Aug. 8, 2000), *aff'd*, 29 Fed. Appx. 761 (2d Cir. 2002) (summary order) ..........................................................................................3

*Grogan v. Platt*, 835 F.2d 844 (11th Cir. 1988) .......................................................2

*In re Arizona Theranos, Inc. Litig.*, 308 F. Supp. 3d 1026 (D. Ariz. 2018).............6

## Preliminary Statement

This appeal concerns whether the injuries claimed by Plaintiff/Appellant Douglas J. Horn are RICO injuries. His injuries resulted from his ingesting a product made by Defendants. Those injuries took the form of his losing his job as a truck driver after he failed a random drug test, which he claims he failed because the product contained THC which is a prohibited substance to his former employer. His RICO claim is that fraud was involved on Defendants' part because they represented that the product did not contain THC when it did.

Horn maintains that his injury in losing his job is a RICO injury. The district court concluded, and Defendants agree, however, that Horn's job loss was derived from a *personal injury* he suffered by ingesting Defendants' product. The bulk of the arguments presented by both sides on this appeal is on whether Horn did in fact suffer a personal injury such that his job loss derived from a personal injury and therefore is *not* a RICO injury.

In this Reply Brief, Horn addresses the cases on which Defendants rely and the semantical arguments they present and explains why the cases on which he relied in his Opening Brief show that he suffered a RICO Injury.

## <u>Argument</u>

### A. Defendants Cite to Cases that are Irrelevant to this Appeal

There is no serious dispute that in the bulk of cases where a plaintiff alleges injuries that were caused by a physical injury suffered as a result of a defendant's wrongdoing, those injuries are not RICO injuries and so can be the basis for a RICO claim. In essence, this is the holding of the cases on which Defendants rely.

For example, among the cases Defendants cite is *Grogan v. Platt,* 835 F.2d 844 (11th Cir. 1988). There the alleged RICO injuries resulted from the murder of two FBI agents and injuries suffered by others during a shootout. Any non-physical injuries suffered, the Eleventh Circuit held, were the type of injuries not included in RICO's "phrase 'injured in his business or property' [which] excludes personal injuries, including the pecuniary losses therefrom." The injuries complained of were that the victims were shot. *Id.* at 847.

In *Doe v. Roe*, after rejecting the assertion that certain alleged injuries were recoverable as a general matter, the Seventh Circuit found the various and wide-ranging injuries claimed of were "plainly derivatives of her emotional distress—and therefore reflect personal injuries that are not compensable under RICO." 958 F.2d 763, 769-70 (7th Cir. 1992).

*Gause v. Philip Morris* was a case in which the plaintiff alleged that she suffered emphysema from decades of smoking the defendants' cigarettes and as a result could not work. Because any loss of income was the direct result of physical injuries she suffered—emphysema—there were not RICO injuries and thus the plaintiff did not have standing to pursue her RICO claim. 2000 U.S. Dist. LEXIS 14268, at *9-10, 2000 WL 34016343 (E.D.N.Y. Aug. 8, 2000), *aff'd*, 29 Fed. Appx. 761 (2d Cir. 2002) (summary order).

Attempting to apply *Gause* to this case, Defendants write, "[i]n the present matter, Plaintiff's alleged injuries are different in cause and severity but are of the same type. One merely needs to trade the word 'emphysema' for 'unwanted THC in his system' to reach the exact same position." (Def. Opposition Br., at 9.) Building on the supposed substantively identical between Ms. Gause's injuries and what Horn claims, Defendants say Horn's "injury may not be as typically as damaging as emphysema, but this does not change the fact that it is an 'injury' to a 'person' and any claimed loss of income would be due to the inability to work because of those injuries." (*Ibid*.)

This misapprehends Horn's claim. It is not that he could not work because of physical injuries he suffered, as was the case in *Gause*. It is that he cannot work as

a driver because a drug test found traces of THC in his system, which traces came from Defendants' falsely-marketing product.

Similarly, Defendants later write, "[b]y Plaintiff's own allegations, he was *personally injured* by unwanted THC in his system." (Def. Opposition Br., at 12 (emph. added).) But Horn made no such allegation. What Defendants quote says, Horn suffered from "the THC that was introduced into Mr. Horn's system by Defendants' product." (Horn MOL, at 3 (WDNY ECF No. 198) (A-153, *quoted at* Def. Opposition Br., at 12).)

Defendants insist that the injuries of which Horn complains are "derived" from personal injuries they claim he suffered. (E.g., Def. Opposition Br., at 12.) But, again, this turns on whether Horn is in fact complaining of having suffered physical injuries of the kind that defeat a plaintiff's RICO injury assertion. They do not.

**B. Horn's Position is Similar to that of the Varied Plaintiffs in the Cases on which he Relied in his Opening Brief.**

In response to the cases on which Horn relied in support of his argument that cases in which there was some physical aspect to a defendants' wrongdoing support a finding of RICO injury (and thus RICO standing), Defendants try to distinguish them. For example, they contend that "Plaintiff misstates the jury's finding in *Creel*[ *v. Dr. Says, LLC*, 2022 U.S. Dist. LEXIS 60158 (E.D. Tex. March 31, 2022]." (Def. Opposition Br., at 16.) They quote that case that "'[t]he underlying nature of both

Plaintiff's RICO claims in this case is that Defendants intentionally engaged in activities involving the wires and interstate commerce to defraud the insurance companies paying for the treatment of the patients.'" (Def. Opposition Br., at 17 (quoting *Creel*, 2022 U.S. Dist. LEXIS 60158, at *45-46).) The opinion's next sentence, though, is instructive: "Though Diane suffered physical harm that resulted from tortious conduct, the facts underlying the overall RICO scheme involved far more than Diane's treatment and care," 2022 U.S. Dist. LEXIS 60158, at *46.

Defendants claim that Plaintiff's characterization of *Creel* as "confirm[ing] a jury's finding that the plaintiff suffered a recoverable RICO injury even though the economic injuries she claimed arose directly out of her being improperly committed to a psychiatric facility," (Horn Opening Br., at 11), "is false and a misstatement of the case," (Def. Opposition. Br., at 17). Plaintiff stands by that characterization.

What is significant about *Blevins v. Aksut*, 849 F.3d 1016 (11th Cir. 2017), is that, as quoted in Horn's Opening Brief, the Eleventh Circuit concluded that the plaintiffs' "injuries do not flow from any personal injuries. Rather […] the payments themselves are economic injuries because they were for medically unnecessary procedures." *Id.* at 1021 (citing Ironworkers Local Union 68 v. AstraZeneca Pharm., LP, 634 F.3d 1352, 1363 (11th Cir. 2011)). Plaintiff used the word "invasive" to describe the nature of the underlying conduct, i.e., heart surgery, and meant it.

(*Compare* Def. Opposition Br., at 18 ("Plaintiff seemingly means for the word 'invasive' to stand in for 'personal.'").) This is because in *Blevins*, and here, inherent in and necessary to the scheme was an invasion of the bodily integrity of the victims. That this was the case in *Blevins* did not preclude a finding that the plaintiffs suffered a RICO injury for which they could recover.

As to In re Arizona Theranos, Inc. Litig., 308 F. Supp. 3d 1026 (D. Ariz. 2018), *discussed at* Def. Opposition Br., at 19-20, as Horn noted in his Opening Brief, (Horn Opening Br., at 13-14), the court found that although something invasive—a blood test—was central to the scheme, this did not require the conclusion that the plaintiffs had *not* suffered a RICO injury. The case is not the same as this one, of course. But it and the others relied on by Horn show that the fact that some level of physical contact is an essential aspect of the scheme—here the injection of Defendants' product—does not mean that the financial injuries cannot be RICO injuries.

**C. Horn Properly Distinguished the District Court's Cases**

Finally, Defendants maintain that Horn did not distinguish his situation from the cases on which the district court relied in its decision. (Def. Opposition Br., at 21-25.) In particular, they focus on *Aston v. Johnson & Johnson*, 248 F. Supp. 3d 43, 49-50 (D.D.C. 2017). To be clear, Horn distinguished *Aston* because in that case,

as a result of taking the drug Levaquin it was alleged “that all five plaintiffs were left ‘unable to secure, maintain, and or perform the duties of employment’” and thus were unable to work. *Id.*, 46-47 (quoting complaint). If Horn’s complaint was that he was himself physically affected in a way that prevented him from working such as being unable to drive—the allegation in *Aston*—it would be one thing. His claim is that because he took something that contained THC when he was assured that it did not it appeared on a drug test and because of that, and not because of something he actually did (or could not do), he lost his job.[1]

*Aston*, then, stands with the long list of cases in which an economic loss caused by a physical injury is found not to be a RICO loss.

Defendants argue that Horn’s case is just like that of the *Aston* plaintiffs because they claim the “physical injuries he suffered” was his “unwitting ingestion of THC.” (Def. Opposition Br., at 24.) Unlike those plaintiffs, though, his complaint is not that he was physically injured by the “unwitting ingestion” but that the fact that the THC was in his body is sufficiently different in kind (not just degree) to

[1] To the extent having THC in Horn’s blood system did have an adverse effect on his ability to drive, any such effect would presumably had worn off after it cleared his system and there was no physical impediment to his resuming his driving duties, unlike the absolute inability of the five plaintiffs in *Aston* to work.

distinguish his situation from all of those on which the district court relied in finding he did not suffer a RICO injury.

## **CONCLUSION**

For the foregoing reasons, the district court erred when it concluded that the injuries Horn suffered from Defendants' predicate acts were not RICO injuries and therefore not recoverable in this civil RICO case. This Court should reverse that order and remand the case to the district court to allow Horn's civil RICO claim to be tried.

Dated: New York, New York
November 17, 2022

**THE LINDEN LAW GROUP, P.C.**

By: *Jeffrey M. Benjamin*
Jeffrey M. Benjamin, Esq.
5 Penn Plaza, 23rd Floor
New York, New York 10001
(212) 835-1532
jbenjamin@nyfraudlaw.com
Attorneys for Plaintiff/Appellant

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of Fed.R.App.P.32(a)(7)(B) because:

   This brief contains 1,853 words, excluding the parts of the brief exempted by Fed.R.App.32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed.R.App.P.32(a)(5) and the type style requirements of Fed.R.App.P32(a)(6) because:

   This brief has been prepared in Proportionally-Space typeface using Microsoft Word, in Times New Roman, Font Size 14.